UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CARLETTE M MCLENDON         CASE NO. 18-12930
                                   SECTION B
DEBTOR                             CHAPTER 13

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CONSENT ORDER**

Considering the Motion for Relief from Stay (the "Motion") (**P-52**) filed by SN Servicing Corporation, as servicer for U.S. Bank Trust National Association as Trustee of Chalet Series III Trust, proper notice having been given, a hearing have been scheduled for November 6, 2019 and by consent of the parties, the stay is modified by the terms of this Order. As of the hearing date, the post-petition delinquency is itemized as follows:

1. 8 Post-Petition Installments of $771.81 each due for
   March 19, 2019 to October 19, 2019 ………………………………………… $6,174.48

2. Attorney Fee ……………………………………………………………….. 500.00

3. Court Cost ……………………………………………………………………. 181.00

4. Suspense Balance …………………………………………………………….. 685.08)

                                                   TOTAL         **$6,170.40**

IT IS ORDERED that the Debtor shall cure the post-petition delinquency of $6,170.40 by paying six (6) equal monthly installments of $1,028.40 directly to SN Servicing Corporation beginning November 19, 2019 and ending April 19, 2019. This amount is in addition to the regular monthly payment. If SN Servicing Corporation does not receive the additional payment or any part thereof within thirty (30) days of its due date, which is the nineteenth (19th) of the month, then said event will constitute a default of this Order, and SN Servicing Corporation shall provide Debtor and Debtor's counsel with notice of default and fourteen (14) days right to cure. Should the default not be cured within the fourteen (14) days, the Court shall lift the stay upon

the presentation of an Affidavit of Default executed by a representative of SN Servicing Corporation.

IT IS FURTHER ORDERED that Debtor shall pay the ongoing post-petition payments timely as they come due directly to SN Servicing Corporation commencing with the November 19, 2019 payment. Should SN Servicing Corporation not receive a regular post-petition payment on its due date, which is the nineteenth (19th) of the month, and thirty (30) days lapse without receipt of the payment, then said event will constitute a default of this Order, and SN Servicing Corporation shall provide Debtor and Debtor's counsel with notice of default and fourteen (14) days right to cure. Should the default not be cured within the fourteen (14) days, the Court shall lift the stay upon the presentation of an Affidavit of Default executed by a representative of SN Servicing Corporation.

IT IS FURTHER ORDERED that should this case be converted to any other Chapter of the Bankruptcy Code, this Order shall survive conversion. This order shall survive one (1) year after entry of this order, or until this case is dismissed, if the dismissal occurs prior to the passage of the one (1) year period referenced herein.

IT FURTHER ORDERED that counsel shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, October 15, 2019.

*J. A. Brown*
_____
Jerry A. Brown
U.S. Bankruptcy Court Judge

Submitted by:
/s/ Cris Jackson
Cris Jackson (No. 20876)
JACKSON & McPHERSON, L.L.C.
1010 Common Street, Suite 1800
New Orleans, Louisiana 70112
504-581-9444

READ and AGREED:
/s/ Mary Taylor
Mary Taylor (No. 19179)
Attorney for Debtor
3525 N. Causeway Blvd., Suite 719.
Metairie, Louisiana 70002
504-831-7405